Mr. Justice Thacher
delivered the opinion of the court.
This is a writ of error from a judgment of the circuit court of Claiborne county, quashing an attachment upon which the proceedings in the cause were commenced.
The first ground upon which it is contended the judgment of the circuit court was correct, is that two affidavits were made upon which the writ issued. The appearance of two affidavits' in the case, may probably be accounted for by being considered an error of the officer in issuing the writ, but in any point of view the surplusage of a second affidavit cannot vitiate the writ, when it is manifest that they both related to the same matter of complaint. The affidavits were also sufficiently in form.
The act of 1844, ch. 15, entitled, “ An act to extend the remedy by attachment and garnishment,” authorizes the issuance of the writ, upon an affirmation that the debtor is about removing his effects, so that the claim of the attaching creditor will be defeated. The object of the statute reaches much further in its effects than the former law of attachment, and the lien created by it upon the property attached, is not raised by the appearance of the defendant. It was, therefore, unnecessary, under this statute, to add to the affirmation, that the ordinary process of law cannot be served upon the defendant.
The levy of the sheriff is sufficient. He shows by it that he *516 took into possession the property levied upon ; besides the defendant gave a replevy bond, which probably releases any technical objection.
The attachment was made returnable to a court to be held at Port Gibson, for the county of Claiborne, upon the fourth Monday in November after the date of the issuance of the attachment.' It was therefore returnable to the circuit court, because that court was the only one which could take jurisdiction of such a process.
The judgment must be reversed and the cause remanded.